UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICKY LEVERT FRANKLIN                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:10-cv-00303-FKB

ROBERT SMITH, ET AL.                                                                   DEFENDANTS


MEMORANDUM OPINION AND ORDER


This cause is before the Court on Defendant Robert Smith's Motion for Summary Judgment, Docket No. 31, as well as the Motion for Summary Judgment filed by Defendants Malcolm McMillin and Rebecca Pittman, Docket No. 41, Smith's Supplemental Motion for Summary Judgment, Docket No. 52, Plaintiff's Motion to "Notice," Docket No. 56, Plaintiff's "Motion for Count 1," Docket No. 58, Plaintiff's "Motion for Sentencing Date," Docket No. 59, and Plaintiff's "Motion to Locate Witness," Docket No. 60.  Having considered the motions, memoranda and supporting documents, and having heard Plaintiff's testimony at the *Spears* hearing[1] in this matter, the Court concludes that Defendants' motions are well-taken and should be granted.[2]  Plaintiff's motions are denied.[3]

---

[1] The Court held what is known as a "Spears Hearing" in this claim brought pursuant to 42 U.S.C. §1983, to insure Plaintiff had every opportunity to fully explain his claim against Defendants. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff consented to the undersigned deciding this case, and the matter was referred pursuant to 28 U.S.C. § 636(c).  Docket Nos. 49 - 50.

[3] Plaintiff's motions are, for the most part, responses to Defendants' motions, and the Court has considered them as such.  Docket No. 60 appears to be merely a copy of a motion filed in Plaintiff's state court case and will be terminated as a motion in this case.

I.  FACTS

Plaintiff was indicted by a Hinds County, Mississippi, grand jury on charges of rape, sexual assault, aggravated assault and kidnaping.  He was ultimately convicted of aggravated assault and kidnaping.  Docket No. 54-1, pp. 2-3.   After he was arrested but before he was convicted, Franklin filed the instant action pursuant to 42 U.S.C. § 1983.  Defendant Robert Smith, Hinds County District Attorney, has moved for summary judgment on the basis of prosecutorial immunity.  Defendant McMillin, Hinds County Sheriff at the time of Plaintiff's arrest, and Defendant Pittman, an investigator, have moved for summary judgment on the basis of immunity, and all defendants assert that most, if not all, of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

II.  DISCUSSION

A. CLAIMS AGAINST SMITH

Franklin claims that District Attorney Smith made false statements to the media about him, that Smith gathered and supervised the gathering of false evidence against him, and that Smith submitted false evidence.  Docket No. 1, p. 4.  Franklin filed his complaint before he was convicted, and as relief, he sought dismissal of the kidnaping and aggravated assault charges of which he was ultimately convicted.  He also sought monetary damages, but did not seek dismissal of the rape or sexual battery charges.  Docket No. 1.

Prosecutors "are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process[.]'" *Burns v. Reed*, 500 U.S. 478, 486

(1991) (citations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

The *Burns* Court concluded, with respect to claims similar to Franklin's, that immunity:

> is applicable to [the prosecutor's] appearance in court to support the search warrant application and his presentation of evidence at that hearing. [Plaintiff] claims only that [the prosecutor] presented false evidence to the county court, and thereby facilitated the issuance of the warrant. Such conduct was clearly addressed by the common law, which immunized a prosecutor, like other lawyers, from civil liability for making, or for eliciting from witnesses, false or defamatory statements in judicial proceedings, at least so long as the statements were related to the proceedings. Moreover, this immunity extended to any hearing before a tribunal which performed a judicial function. In addition to such common-law support, absolute immunity in these circumstances is justified by the policy concerns articulated in *Imbler*. [The prosecutor's] actions clearly involve his "role as advocate for the State," rather than his role as "administrator or investigative officer," the protection for which the Court reserved judgment in *Imbler*.

*Burns*, 500 U.S. at 479 (citations omitted)(quoting *Imbler*, 424 U.S. at 430-431).

Smith is entitled to immunity with respect to Franklin's claims concerning evidence submitted to the grand jury and, to the extent he raises it in later submissions, with respect to any claims concerning evidence submitted, or not submitted, at Franklin's criminal trial. Though Franklin references "gathering" of evidence by Smith, Smith has submitted an affidavit stating that he was not involved in any evidence-gathering, nor did he give any legal advice to the investigators. Document No. 32-7, p. 1. Franklin's submissions do not dispute those portions of Smith's affidavit. Franklin has made nothing more than bare assertions that Smith was involved in the investigation and knowingly presented false statements. Smith has presented evidence to the contrary which Franklin has not addressed. Smith has met his burden, and Franklin has presented no evidence to demonstrate that Smith was acting outside the scope of his prosecutorial immunity. *See, e.g., Hoog-Watson v. Guadalupe County*, 591 F. 3d. 431, 436 n.6

(5th Cir. 2009).

In his complaint, and in subsequent filings, Franklin admits that there was probable cause to arrest him for domestic violence.  Docket No. 1, p. 4; Docket No. 56, p. 4.  Franklin's dispute is not with the fact that he was arrested, but with the specific charges brought, a matter within the prosecutor's duties and for which he is immune.  *See, e.g., Hill v. City of Seven Points*, 31 Fed. Appx. 835, * 10 (5th Cir. 2002) ; *Forman v. Ours*, 996 F.2d 306 (5th Cir. 1993)(prosecutorial immunity applies to decision whether to file charges).

The only claim against Smith which may not directly involve his role as advocate for the State is Franklin's claim that Smith made defamatory remarks to the media.  Smith contends that he is entitled to qualified immunity with respect to Franklin's claims concerning his statements to the media, because his actions did not violate a clearly established federal right of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Damage to reputation alone is not actionable in the Section 1983 context.  *Paul v. Davis*, 424 U.S. 693 (1976); *Geter v. Fortenberry*, 849 F.2d 1550, 1556-57 (5th Cir. 1988).  Franklin claims that Smith's remarks to the media regarding a "porno" sex tape[4] allegedly found in his home, as well as Smith's alleged statements to the media that Franklin had 11 convictions when he only had one, that there were "dead bodies" found on his property when they were five miles away, and that Franklin was a dangerous serial killer, might taint the jury pool.  However, Plaintiff was not convicted of the rape or sexual battery charges, and it does not appear that he suffered any injury due to the above-referenced statements alone.  Though the jury did hang on

---

[4]Franklin asserts that Smith's statement was false because the tape was not "porno," but was "a Latin tour guide tape for American men wanting to meet exotic women."

4

the rape charge, any conclusion that Franklin was not acquitted just because of Smith's media statements, or that he was convicted of aggravated assault and kidnaping because of the media statements, would be wildly speculative. In summary, Franklin has not demonstrated the loss of a protected right or interest, *see, e.g., Lyle v. Dedeaux,* 39 F.3d 320, *6 (5th Cir. 1994), or any injury due to the allegedly defamatory statements themselves.[5] Accordingly, Smith is entitled to qualified immunity with respect to Franklin's claim concerning Smith's media statements.

Additionally, Franklin's specific claim is that the allegedly false statements may have tainted the jury pool, Docket No. 1, p. 5, which brings into question the validity of his convictions for aggravated assault and kidnaping, and therefore raises the *Heck* bar issue. Similarly, Franklin also claims that he has been falsely imprisoned due to the actions of Smith. Though at trial Franklin was not convicted of two of the four charges stemming from the same incident, Franklin was convicted of kidnapping and aggravated assault.

At the *Spears* hearing, Franklin made it clear that he was seeking release from custody by virtue of this suit,[6] in addition to his damages claims. There are two hurdles Franklin cannot overcome and which block his claims against all Defendants. First, a petition for habeas corpus is the exclusive remedy for a prisoner challenging the fact or duration of confinement, *Preiser v. Rodriguez,* 411 U.S. 475 (1973). Secondly, Franklin's damages claims in this lawsuit

---

[5]In his complaint Franklin references the "false charges" having cost him his marriage, his job, his credit rating, his home, his truck..., Docket No. 1, pp. 4-6, but as will be addressed *infra*, his having been arrested and incarcerated as a result of the charges raises the *Heck* bar issue. Franklin does not attribute his losses to the statements but to the charges themselves.

[6]The complaint states that Franklin seeks dismissal of the two charges of which he was later convicted, and credit for time served for domestic violence, indicating that he intended to be released upon prevailing in the lawsuit. Docket No. 1, p.4.

necessarily impugn his convictions, and therefore, to recover damages, he must demonstrate that his convictions no longer stand. *Heck v. Humphrey*, 512 U.S. 477 (1994). Franklin's claims for damages are *Heck*-barred since finding that Franklin was falsely arrested or imprisoned would necessarily invalidate his aggravated assault and kidnaping convictions as all four charges stemmed from the same incident–an altercation between Franklin and a female. *See Connors v. Graves*, 538 F.3d 373 (5th Cir. 2008).

### B. CLAIMS AGAINST PITTMAN

Defendant Pittman is an investigator with the Hinds County Sheriff's Department. Docket No. 41-7. Franklin claims that Pittman "is at the core of all of this false material that has no merit (or) substance by and through her false statements and trumped up evidence the petitioner has suffered greatly by restriction of his life and liberty and loss of his livilihood [sic] and family by recent divorce." Docket No. 1., p. 4.

Pittman is entitled to qualified immunity unless she violated clearly established rights of which a reasonable person would have been aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). Plaintiff contends that Pittman's involvement in the investigation was wrongful. However, the alleged victim of Franklin's crimes reported the crimes, gave a statement, and signed four affidavits against him. *See* Docket No. 41-2, p. 2; Docket No. 41-3, pp. 2-5. Further, Franklin admits he was involved in a physical altercation with the alleged victim on the date in question, but contends that the "adult" activity was consensual. Docket No. 1, p.6, Docket No. 33, p. 1. The Court can only surmise that Franklin's contention is that Pittman should not have believed the victim as to whether she voluntarily engaged in "adult" activity with Franklin and as to the extent of the physical altercation.

However, the facts were brought before a judge, who found probable cause and issued warrants. Docket No. 41- 4, pp. 2-5. Subsequently evidence was presented to the grand jury, and the grand jury indicted Franklin. Docket No. 41-8, pp. 2-5. Significantly, Defendant Pittman did not testify before the grand jury. Docket No. 41-7. The probable cause determination of the judge and the grand jury relieve Pittman of liability, unless Franklin can show that Pittman's actions tainted the decisions made by the intermediaries. *Jennings v. Patton*, 644 F. 3d 297, 301 (5th Cir. 2011). Plaintiff has failed to make any such showing. In fact, Franklin's allegations against Pittman are merely conclusory and do not, even when taken in a light most favorable to him, survive Pittman's motion. *See, e.g., Geter*, 849 F. 2d at 1553.

In one filing with the Court, Docket No. 33, Franklin makes the same allegation against Pittman with respect to the movie which he contends was a "Latin tour DVD" that he makes against Smith–that Pittman told the media it was "porno." For the same reasons that allegation does not state a claim against Smith, it does not state a claim against Pittman.[7]

Additionally, as noted *supra*, a win for Franklin as to his claims against Pittman would undermine his convictions of kidnaping and aggravated assault. Therefore, those claims are *Heck*- barred.

---

[7]In a letter he wrote the Court, Franklin makes one other allegation against Defendant Pittman. Docket No. 12. In the letter Franklin states that Pittman has been intercepting his mail, but he provides no specifics. Franklin has not, however, moved to amend his complaint and did not testify regarding any mail incident at his *Spears* hearing. Therefore, this claim is not before the Court. Moreover, conclusory allegations do not create an issue of fact. *See, e.g., Porter v. Farris*, 328 Fed. Appx. 286 *2 (5th Cir. 2009).

C.  CLAIMS AGAINST MCMILLIN

Former Sheriff McMillin could only be held liable if he personally participated in the alleged wrongdoing or, as a supervisor if there was a causal connection between his acts and the alleged civil rights violations.  *See, e.g., Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)*; Gilmer v. Towbridge*, 2009 WL 649692 (S.D. Miss. March 10, 2009).  Franklin's allegations against McMillin are as conclusory as those made against Pittman.  The complaint merely states that "Sheriff McMillian [sic] and Mrs. Rebecca Pittman are both accused for false imprisonment, and acting on tainted information released to him by Mrs. Rebecca Pittman and info released by the district attorney."  Docket No. 1, p. 5.  Franklin has provided no facts supporting these claims in any of his submissions to the Court.   Franklin's claims against McMillin do not survive summary judgment.  *See Geter*, 849 F. 2d at 1559 ("conclusory allegations without the leaven of confirming factual details" do not survive).

### III.  CONCLUSION

Based on the foregoing, the Court grants Defendants' Motions for Summary Judgment and dismisses Plaintiff's complaint with prejudice.

SO ORDERED, this the 23rd day of March, 2012.


s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE